# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD B. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-628-DRH |
| | ) | |
| USP MARION HEALTH SERVICES, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the United States Penitentiary located in Terre Haute, Indiana (USP-Terre Haute), brings this action for negligence and for deprivations of his constitutional rights pursuant to 28 U.S.C. § 1331. Plaintiff seeks damages for allegedly being denied adequate medical care for a leg injury. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

Plaintiff alleges that while confined at the United States Penitentiary located in Marion, Illinois, (USP-Marion) his right leg was injured as a result of a "violent assault." Specifically, Plaintiff alleges that his leg muscle has become detached from his femur. As treatment for this injury, Plaintiff alleges that he was provided only aspirin and an "Ace bandage." Plaintiff claims that due to the inadequate treatment he received, his leg has "atrophied," has "shrunk to the size of his forearm" and that it is "useless." Plaintiff claims that Defendants Welch, Duncan, and Szoke were deliberately indifferent to his injury or, at a minimum, negligent in diagnosing and treating it. Plaintiff claims that Defendant Chastain ignored his complaints about inadequate treatment and failed to take corrective action because Plaintiff is an Arab-American.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Chastain, Szoke, Welch, Duncan, and USP Marion Health Services (Health Services) for denying him adequate medical care for his leg injury in violation of Plaintiff's Eighth Amendment rights.
>
> **COUNT 2:** Against Defendants Szoke, Welch, Duncan, and Health Services for providing him negligent medical care pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq.
>
> **COUNT 3:** Against Defendant Chastain for deliberately denying Plaintiff medical care on the basis of Plaintiff's race/ethnicity in violation of the Fourteenth

Amendment.

**DISCUSSION**

Plaintiff's claim that Defendants Chastain, Szoke, Welch, and Duncan deprived him of his Eighth Amendment rights (Count 1) survives threshold review and should not be dismissed at this time. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff's claim that Defendant Health Services deprived him of his Eighth Amendment rights (Count 1), however, should be dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's action against the Health Services is, in effect, a claim against the Federal Bureau of Prisons (BOP) which operates the health services department at USP Marion. While Plaintiff can maintain a damages action against federal agents who violated his constitutional rights, Plaintiff cannot maintain a damages action against a federal agency, such as the BOP (or it's departments), for violations of his constitutional rights. *See FDIC v. Meyers*, 510 U.S. 471 (1994). Therefore, Count 1 of the complaint should be dismissed with respect to Defendant Health Services.

With respect to Count 2 (FTCA claim), the United States of America is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(b). Therefore, Defendants Szoke, Welch, Duncan and Health Services are dismissed from Count 2 and the United States of America is substituted as the sole Defendant for this claim.

Finally, Plaintiff's claim that Defendant Chastain discriminated against him on the basis of his race/ethnicity in violation of the Fourteenth Amendment survives review under § 1915A and should not be dismissed at this time.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's Eighth Amendment claim (Count 1) against Defendant Health Services is **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that, with respect to Plaintiff's negligence claim (Count 2), the Unites States of America is **SUBSTITUTED** for Defendants Health Services, Szoke, Welch, and Duncan.

**IT IS FURTHER ORDERED** that because there are no pending claims against it, Defendant Health Services is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** and the **ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff two USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **CHASTAIN, SZOKE, WELCH,** and **DUNCAN.** The Clerk is **FURTHER DIRECTED** to prepare a summons for the **UNITED STATES OF AMERICA**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **CHASTAIN, SZOKE, WELCH,** and **DUNCAN**

4

in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, ***and*** on the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** and the **ATTORNEY GENERAL of the UNITED STATES**, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Federal Bureau of Prisons (BOP) who no longer can be found at the work address provided by Plaintiff, the BOP shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the BOP. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting

5

service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** December 11, 2008.

/s/  DavidRHerndon
**DISTRICT JUDGE**