# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EDWARD B. ELLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-628-DRH |
| | ) | |
| **USP MARION HEALTH SERVICES,** *et al.*, | ) ) ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court *sua sponte*. By prior Memorandum and Order (Doc. 7) the Court granted Plaintiff's motion for appointment of counsel. It has come to the Court's attention that the prior Memorandum and Order contains erroneous information concerning the reimbursement of out of pocket expenses. Therefore, the prior Memorandum and Order (Doc. 7) is **VACATED**. In lieu of the vacated Memorandum and Order (Doc. 7), the Court substitutes this Memorandum and Order concerning Plaintiff's motion for appointment of counsel (Doc. 3).

The Court notes that there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). However, under appropriate conditions "representation of indigents under court order, without a fee, is a condition under which lawyers are licensed to practice as officers of the court. . . ." *U. S. v. Dillon*, 346 F.2d 633, 635 (9th Cir. 1965). Membership in the bar is a privilege burdened with conditions. *People ex rel. Karlin v. Culkin*, 162 N.E. 487, 489 (1928) (Justice Cardozo). Or, as set forth by Justice Sutherland, "[a]ttorneys are officers of the court, and are bound to render service

when required by such an appointment." *Powell v. Alabama,* 287 U.S. 45, 73 (1932). Finally, a court's power to require a lawyer to represent indigents is inherent under its authority to define the terms and conditions under which members are admitted to the bar. *Frazier v. Heebe*, 482 U.S. 641 (1987); *United States v. Hvass*, 355 U.S. 570 (1958).

Under Special Order No. 13, Order Amending Local Rule 1(f), as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. In *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir. 1978), the Court recognized that the question of whether to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." *Id*. at 431. The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. *Miller v. Pleasure*, 296 F.2d 283, 284 (2d Cir. 1961), *cert. denied*, 370 U.S. 964 (1962).

The determination whether to appoint counsel is to be made by considering whether Plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit. *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005)(*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Applying these standards to the instant case, the Court concludes that appointment of counsel is warranted. Plaintiff's motion for appointment of counsel (Doc. 3) is **GRANTED.** Pursuant to 28 U.S.C. 1915 (e)(1) and Local Rule 83.1(i), attorney Matthew Booker of the law firm Heyl, Royster, Voelker & Allen, Suite 575, National City Center, P.O. Box 1687, Springfield, Illinois is **APPOINTED** to represent Plaintiff in this Court only.

Appointed counsel is advised that he may examine the docket sheet via CM/ECF.

Appointed counsel is further advised that, pursuant to the Plan for the Administration of the District Court Fund, out-of-pocket expenses up to the sum of $1000 may be requested and authorized for reimbursement.  Additional motions and pleadings will be accepted only from Plaintiff's appointed counsel.

**IT IS SO ORDERED.**

**DATED:** December 15, 2008.

                                                  **/s/**     DavidRHerndon
                                                  **DISTRICT JUDGE**