IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDWARD B. ELLIS**,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**
**et al.,**

**Defendants.**                                                  **No. 08-cv-0628-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report") submitted by Magistrate Judge Donald G. Wilkerson recommending that the Court grant Defendants' motion to dismiss or in the alternative motion for summary judgment for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (Doc. 30) and grant Plaintiff's motion to voluntarily dismiss Count II of Plaintiff's complaint (Doc. 48). Plaintiff filed objections to the Report (Doc. 54). Based on the following, the Court adopts the Report in its entirety.

On December 12, 2008, the Court issued its initial screening Order pursuant to 28 U.S.C. § 1915A (Doc. 6). Specifically, Plaintiff claims that while he was housed at the United States Penitentiary in Marion his right leg was injured as a result of a "violent assault." He claims that his leg muscle became detached from

his femur. Plaintiff further claims that due to the inadequate treatment he received, his leg has "atrophied" has "shrunk to the size of his forearm" and that it is "useless." He claims that Defendants Welch, Duncan and Szoke were deliberately indifferent to his injury, at a minimum, negligent in diagnosing it and that Defendant Chastain ignored his complaints about inadequate treatment and failed to take corrective action because Plaintiff is an Arab-American. Thereafter, the Court appointed counsel Matthew Booker to represent Plaintiff (Doc. 8).

On April 28, 2009, Defendants filed a motion to dismiss, or in the alternative for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies (Doc. 30). Magistrate Judge Wilkerson set this matter for *Pavey* hearing on July 17, 2009 (Doc. 37). On July 15, 2009, Plaintiff filed his response opposing the motion arguing that he made multiple written and verbal pleas to Defendants for medical attention and that these please were ignored or responded to with deliberate indifference (Doc. 39). He contends that he made every attempt available to him to exhaust his administrative remedies and that he should not be punished for the prison's inaction in addressing his properly submitted grievance (Doc. 39).

On July 17, 2009, Judge Wilkerson held a **Pavey** evidentiary hearing and took the matter under advisement. On July 27, 2009, Plaintiff filed a motion to dismiss Count II of his complaint (Doc. 48). Thereafter, Judge Wilkerson issued the Report on February 2, 2010 (Doc. 53). The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten

days of service of the Report. To date, Plaintiff filed objections to the Report (Doc. 54). Plaintiff contends that he attempted to exhaust his administrative remedies, however, he was met with resistance and outright refusal by the Defendants to provide him with the proper documents necessary to exhaust.

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id.***

## II. Analysis

Lawsuits filed by inmates are governed by the provisions of the PLRA. That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a)**. The burden of proof on the affirmative defense of exhaustion lies with the defendants. ***Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005)**. The Seventh Circuit, however, requires strict adherence to the PLRA's exhaustion requirement. ***Doe v.***

***Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion.")**. Exhaustion must occur before the suit is filed. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)**. "Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending." ***Id.*** Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005)**. Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." ***Doe*, 438 F.3d at 809**.

The Bureau of Prisons has established an administrative remedy procedure through which an inmate may seek formal review of a complaint relating to any aspect of his confinement. **See 28 C.F.R. § 542.10 *et seq***. Inmates are encouraged to resolve their complaints informally in this process (BP-8). **See 28 C.F.R. § 542.13**. If informal resolution is insufficient, the inmate may file a formal complaint with the warden within 20 days of the date on which the basis of the complaint occurred (BP-9). **28 C.F.R. § 542.14**. The warden then has 20 days in which to respond to the inmate's complaint. If the inmate is not satisfied with the warden's response, he may appeal the response to the Regional Office (BP-10). The Regional Office then has 30 days to answer the claim. He may file a final appeal with the Central Office in Washington, D.C., if the inmate wants to challenge the Regional

Office's response (BP-11).  The Central Office has 40 days in which to respond. **28 C.F.R. § 542.18**.  While this last step is the normal route an inmate must utilize to exhaust his administrative remedies, if the inmate reasonably believes the issue is sensitive and the inmate's safety or well being would be placed in danger if his administrative request became known at the institution, he does not have to send his administrative request to anyone at the prison.  **28 C.F.R. § 542.14**.  Instead, he can mark the request "Sensitive", explain why he did not submit his request to the prison, and send it directly to the appropriate "Regional Director."

Here, the Court agrees with Judge Wilkerson's analysis in the Report and finds that Plaintiff failed to exhaust his administrative remedies as to Counts I and III.  Plaintiff's objection merely takes umbrage with the Report.  The record is clear that Plaintiff did not pursue his grievance through the administrative process and the record is clear that this failure was not the fault of Defendants or the prison.  The Court finds that when the grievance process was initially unavailable to Plaintiff, he had an alternative but that he failed to properly avail himself to the alternative. Further, the Court finds that Judge Wilkerson was correct to question Plaintiff's credibility after his story changed regarding why he failed to exhaust his administrative remedies.  As noted by Judge Wilkerson, his complaint and his response to the motion to dismiss differed substantially regarding this issue.[1]

---

[1] In his Complaint, Plaintiff contends that he did not follow the grievance procedure because he thought that he did not need to file grievances.  Further, in response to the motion to dismiss, Plaintiff contends that he did not exhaust his administrative remedies because the prison officials refused to provide him with the form.  He also maintains that a fellow inmate gave him a form and that he sent the form to Washington D.C. but he never received a response.  Judge Wilkerson noted

Therefore, the Court finds that Plaintiff failed to exhaust his administrative remedies as to Counts I and III.

### III. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 53). The Court **GRANTS** Defendants' motion to dismiss, or in the alternative for summary judgment (Doc. 30) and Plaintiff's motion to voluntarily dismiss Count II of his complaint (Doc. 48). The Court finds that Plaintiff failed to exhaust his administrative remedies as to Counts I and III of his complaint and dismisses the same for failure to exhaust. Further, the Court dismisses Count II of Plaintiff's complaint. The Court will close the file.

**IT IS SO ORDERED.**

Signed this 17th day of February, 2010.

/s/  *DavidRHerndon*

**Chief Judge**
**United States District Court**

---

that he sent this form to the wrong person.