IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDWARD B. ELLIS**,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**
**et al.,**

**Defendants.**                                             **No. 08-cv-0628-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

## I. Introduction

Now before the Court is Ellis' March 3, 2010 motion to reopen the case (Doc. 56). After reviewing the letter, the Court construed the letter as a motion to reconsider the Court's February 17, 2010 Order dismissing Ellis' case for failure to exhaust administrative remedies and directed the Defendants to respond to the motion (Doc. 58). On March 15, 2009, Defendants filed their opposition (Doc. 60). Based on the following, the Court denies the motion to reconsider (Doc. 56).

## II. Analysis

Although Ellis has provided no authority for his motion, presumably he files his motion either pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure as is challenging the decision of this Court to dismiss his cause of action for failure to exhaust administrative remedies. The Seventh Circuit has held

that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  **See, e.g., Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994); United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1992)**.  Under these rulings the date the motion was filed determined what rule it would be analyzed.  **Deutsch, 981 F.2d at 300**.  If the motion was served within 28 days of the rendition of the judgment/order, the motion fell under Rule 59(e); if it was served after that time, it fell under Rule 60(b).  **Id. (citations omitted)**.[1]  However, the Seventh Circuit clarified that although motions filed after 28 days of the rendition of judgment are still analyzed under Rule 60(b), motions filed within 28 days of the rendition of the judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within [twenty-eight] days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it.  Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions – no longer applies.  In short, motions are to be analyzed according to their terms.  When the substance and label of a post-judgment motion filed within [28] days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant.  Neither the timing of the motion, nor its label . . ., is dispositive with respect to the appropriate characterization of the motion.

**Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citations omitted)**.

---

[1] On December 1, 2009, the time period for filing a motion under Rule 59(e) changed to twenty-eight (28) days.  **See Fed.R.Civ.P. 59(e)**.  Previously, Rule 59(e) required a party to filed such a motion within ten (10) days.

Here, Ellis' motion was filed on March 3, 2010, well within the 28 day period allowed in Rule 59(e). Therefore, the Court must look to the substance of the motion to determine whether the motion should be construed under Rule 59(e) and Rule 60(b). **Obriecht, 517 F.3d at 493**. As stated before, Ellis has not stated which Rule he is filing his motion under. Ellis asks the Court to reconsider the finding that he failed to exhaust his administrative remedies. An error of law argument is brought under 59(e) as there is no basis for such an argument under 60(b). **Obriecht, 517 F.3d at 493-94.** Therefore, the Court will analyze Ellis' motion under Rule 59(e).

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)** motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. **Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)**; **Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)**; **Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." **Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. **Moro, 91 F.3d at 876 (citation omitted); King v. Cooke, 26 F.3d 720, 726 (7th Cir. 1994), cert.**

**denied, 514 U.S. 1023 (1995)**.

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." **Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.), 125 B.R. 963, 977 (N.D.Ill.1990) (citations omitted)**. Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. **BNT Terminals**, **125 B.R. at 977**. The decision to grant or deny a Rule 59(e) motion is within the Court' discretion. **See Prickett v. Prince, 207 F.3d 402, 407 (7th Cir. 2000); LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995).** Because at this point in the litigation Ellis is not represented by counsel, his motion must be liberally construed. **Blake v. United States, 841 F.2d 203, 205-06 (7th Cir. 1998)**.

Affording Ellis' pleading liberal construction, the Court finds that Ellis neither presented newly discovered evidence, nor identified a manifest error of law or fact. Ellis' motion merely takes offense with the Court's ruling. The Court remains convinced of the correctness of its prior Order. The Court found that Judge Wilkerson was correct to question Ellis' credibility after he changed his story regarding the failure to exhaust. Thus, the Court denies Ellis' pro se motion to alter or amend judgment pursuant to Rule 59(e) Federal Rules of Civil Procedure (Doc. 56). The Court notes that if Ellis is dissatisfied with the Court's ruling, he may file

an appeal with the Seventh Circuit Court of Appeals.

### III. Conclusion

Accordingly, the Court **DENIES** Ellis' motion to reconsider filed on March 3, 2010 (Doc. 56).

**IT IS SO ORDERED.**

Signed this 30th day of March, 2010.

/s/    DavidRHerndon
**Chief Judge
United States District Court**